J. G. WARLICK v. SARAH LOWMAN.

*Petition for Public Highway—County Commissioners—Res Judicata.*

A Board of County Commissioners denied and dismissed a petition for a public road, and at a subsequent meeting dismissed a similar petition for the same road without going into the merits of the case, and then, at a later meeting, upon petition by and against the same party as the first, allowed the public highway to be constructed: *Held*, the former judgments and proceedings of the commissioners were not *res judicata* so as to prevent the establishment of such highway.

This was a PROCEEDING, commenced on the 6th day of October, 1890, before the Board of Commissioners of BURKE County, to lay out and establish a public road in said county, and heard on appeal from said Board of Commissioners before *Armfield, J.,* at Fall Term, 1892, on the petition and answer, and facts agreed to by the parties.

On the call of this case in the Superior Court, it was agreed by the parties that at the meeting of the Board on April 1, 1891, this petition was heard on the evidence, and the following issues, as found by the Board, were agreed to be the facts upon which the same should be heard by the Court, to-wit:

"At the meeting of the Board of Commissioners for the county of Burke, held April 1, 1891, the following action was taken: The petition of J. G. Warlick against Sarah Lowman for a public highway was considered by the Board."

The following issues were made up by the Board:

" 1. Is there sufficient reasons shown that said road is necessary by the allegations of the petition, so that the Board shall order the laying out of said road as a public highway?

" 2. Was the petition for said road denied by the Board of Commissioners at their meeting of February 3, 1890?

WARLICK *v.* LOWMAN.

" 3. Was the petition for said road dismissed by the Board of Commissioners at their meeting on the 2d day of June, 1890?

" The Commissioners decide questions two and three in the affirmative, but decide further, that the said denial and dismissal is no bar to hearing and deciding the present petition?

" The Commissioners decide question one in the affirmative, and do hereby direct the Sheriff to summon jurors and lay off a public road between the *termini* mentioned in said petition."

Defendant appeals.

The defendant insisted that the denial of the petition on 3d of February, 1890, and the dismissal of the petition on the 2d of June, 1890, was an estoppel on plaintiff in this petition, the same being *res adjudicata* as to plaintiff.

His Honor held to the contrary, and that plaintiff was entitled to an order to the Sheriff to open said road. Judgment was rendered accordingly, to which ruling defendant excepted, and appealed from said judgment to the Supreme Court.

" On the matter of the petition of J. G. Warlick and others, asking for a public road from 11-mile post on Laurel road to Zoar church coming up for decision, it is adjudged that said petition be denied."

I, J. H. Cooper, Register of Deeds for Burke County, *ex officio* Clerk of the Board of Commissioners, do hereby certify that the foregoing is a true and perfect transcript of the judgment of the Commissioners "in the matter of the petition of J. G. Warlick and others, asking for a public road from the 11-mile post on Laurel road to Zoar church," rendered at their meeting on the 3d February, 1890.

J. H. COOPER, •
*Register of Deeds.*

"In the matter of the petition of J. G. Warlick for a public road from Brittain's gate, eleven miles from Morganton, on the Laurel road to Zoar church, it is adjudged and ordered by the Court that the petition be dismissed. This judgment is made upon the petition itself, without going into the merits of the case."

I, J. H. Cooper, Register of Deeds for Burke County, *ex officio* Clerk of the Board of Commissioners, do hereby certify that the foregoing is a true and perfect transcript of the judgment of the Board of Commissioners "in the matter of the petition of J. G. Warlick for a public road from Brittains' gate, eleven miles from Morganton, on the Laurel road to Zoar church," rendered at their meeting on the 2d day of June, 1890.

J. H. COOPER,<br>
*Register of Deeds.*

*Messrs. J. T. Perkins* (by brief), and *S. J. Ervin*, for plaintiff.
*Mr. Isaac T. Avery*, for defendant.

BURWELL, J.: The Board of Commissioners of Burke County, at a meeting held April 1, 1891, and after hearing evidence, determined that the road for which J. G. Warlick and others then petitioned was necessary to the public, and directed that it should be laid off according to law. And the defendant Sarah Lowman insists that this necessary public road should not be now established, because the Board of Commissioners in February, 1890, "denied" a petition of said Warlick and others for the same road, and in June, 1890, dismissed a like petition "without going into the merits of the case."

If it was true that all three of these petitions were identical, both as to the names of the petitioners and the description of the road petitioned for, we cannot see how it can be proper that the public, including the petitioners, shall be

deprived of a necessary highway, because heretofore, and perhaps under very different circumstances, the Board once denied the petition, and at another time dismissed it without going into the merits of the case. We must assume that the Board of Commissioners had good and sufficient reasons for refusing to grant the petition when it first came before them, and we must likewise assume that they had good and sufficient reasons for granting it when it was last presented to them. Certainly, it must be allowed to the Commissioners to "change their minds" with the changing circumstances of the community, and when new and more convincing testimony as to the necessity for the road is brought before them. There might be some ground for the contention of the defendant if it appeared that the petitions were identical, and that the evidence to prove the necessity for the road was the same. But these facts do not appear from the record.

No Error.